UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DENISE M. VAZQUEZ,

                  Plaintiff,

-against-

JAWANIO; TERRY PARKER; STEPHEN PELGRAM; CAROL ST. JOHN,

                  Defendants.

---

22-CV-1225 (VB)

ORDER TO AMEND

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3-11-22

VINCENT L. BRICCETTI, United States District Judge:

    Plaintiff, who is proceeding *pro se*, brings this action alleging that her employer created a hostile work environment, retaliated against her, and terminated her from her job. By order dated March 3, 2022, Chief Judge Laura Taylor Swain granted Plaintiff's request to proceed *in forma pauperis* ("IFP"). For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint by **May 9, 2022**.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). But the "special solicitude" in *pro se* cases, *id.* at 475, has its limits

– to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

This action arises out of Plaintiff's employment with Jawonio, Inc., a social services organization located in New City, Rockland County, New York.[1] Plaintiff, who resides in Garnerville, Rockland County, New York, filed her complaint by completing a form provided by the court titled, "Employment Discrimination Complaint." In the section of the form instructing Plaintiff to check the box next to the statute she claims Defendants violated, Plaintiff does not check any of the boxes. In the section of the form instructing her to identify any adverse

---

[1] In the caption of the complaint, Plaintiff spells her employer's name "Jawanio," but in the body of the complaint, she spells it "Jawonio," which is consistent with the company's spelling. *See* jawonio.org. The Court will therefore refer to this defendant with the correct spelling and direct the Clerk of Court to change the caption of this action on the court's electronic filing system.

employment action, she checks off the boxes next to the following options: "terminated my employment . . . provided me with terms and conditions of employment different from those of similar employees . . . [and] harassed me or created a hostile work environment." (ECF 2, at 5.) In this same section, Plaintiff states: "Harrassment & Retailation" and that the Equal Employment Opportunity Commission ("EEOC") "adopted [her] case." (*Id.*)

In Plaintiff's statement of facts, where she describes the events that transpired at her workplace, she alleges that in June 2021, she

> reported to the Justice Center with concerns of the residents (Special needs) As well as filed complaints to managers for not training me started with Jawonio 3/8/2021. Jawonio created a hostile environment as well as staff and manager making me feel uncomfortable in my work zone. Filed complaints to Human Rights then EEOC adopted my case.
> Terry Parker (Human Resources) was aware of all my concerns regarding Harrassment & Retailation decided to have me be transferred to another site where our residents have acute behavioral issues. On June 21, 2021 she wanted me to sign a transfer to Rustic House I refuse to sign those papers for the fact of the Harrassment with managers and staff the problems were not handled properly to have me transferred I was disappointed. EEOC has all the documents to my case I will attach the letter by EEOC.

(*Id.*) (errors in original).

The complaint indicates that Plaintiff filed a charge with the EEOC. (*See id.* at 6.) After filing her charge, Plaintiff received a right-to-sue letter, issued by the EEOC on December 17, 2021. (ECF 3-1.) The EEOC indicated in its letter that it had "adopted the findings of the state or local fair employment practices agency that investigated the charge," (*Id.*).

In addition to naming Jawonio as a defendant, Plaintiff also names Terry Parker, from Human Resources, who Plaintiff alleges was aware of Plaintiff's complaints of harassment and retaliation. She also includes Stephen Pelgram and Carol St. John as defendants but does not state any facts suggesting their personal involvement.

Plaintiff seeks money damages in an unspecified amount.

3

## DISCUSSION

**A.     Subject Matter Jurisdiction**

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Loc. 919 v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

**B.     Federal Question Jurisdiction**

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734–35 (2d Cir. 2007) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Simply put, if a plaintiff invokes a court's federal question jurisdiction, the plaintiff must state facts suggesting that the named defendants violated a federal law.

In an employment discrimination action, several antidiscrimination statutes may apply, including Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17; the

4

Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213; and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634. These statutes prohibit employers from mistreating an individual because of the individual's protected characteristics, *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007), or retaliating against an employee who has opposed any practice made unlawful by those statutes, *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions). Protected characteristics include an individual's race, color, religion, sex, national origin, disability, or age.

Mistreatment at work that occurs for a reason *other than* an employee's protected characteristic or opposition to unlawful conduct is not actionable under these federal antidiscrimination statutes. *See Chukwuka v. City of New York*, 513 F. App'x 34, 36 (2d Cir. 2013) (summary order).

Plaintiff does not state any facts suggesting that Defendant Jawonio (1) violated a federal antidiscrimination statute by treating her differently because of her protected characteristics, or (2) retaliated against her after she opposed discriminatory practices. Although Plaintiff states that her employer created a hostile work environment, she does not allege that the employer created this environment *because of* her protected characteristics. As the complaint does not suggest a

violation of any federal law, it does not appear that the Court has federal question jurisdiction over Plaintiff's claims.[2]

## C. Diversity Jurisdiction

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction over this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006). A corporation is a citizen of both the state where it has its principal place of business and the state where it is incorporated. *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

Plaintiff indicates in the complaint that she resides in New York, and that Jawonio is located in Rockland County. Although Plaintiff does not expressly state that Jawonio maintains a principal place of business in New York State, or is incorporated in New York, the complaint strongly suggests that the parties are not diverse. In the unlikely event that the parties are diverse, however, Plaintiff does not seek money damages exceeding the statutory jurisdictional amount of

---

[2] Title VII, the ADA, and the ADEA do not create individual liability in coworkers or supervisors for their discriminatory conduct. *See Raspardo v. Carlone*, 770 F.3d 97, 113 (2d Cir. 2014) (Title VII); *Spiegel v. Schulmann*, 604 F.3d 72, 79 (2d Cir. 2010) (ADA); *Cherry v. Toussaint*, 50 F. App'x 476, 477 (2d Cir. 2002) (summary order) (ADEA claims). Plaintiff therefore cannot state a federal claim under these statutes against Terry Parker, Stephen Pelgram, and Carol St. John. Plaintiff arguably could assert a claim under the New York State Human Rights Law ("NYSHRL"), *see* N.Y. Exec. Law §§ 290–301, but she may be prohibited from doing so under NYSHRL's election of remedy provision, *see id.* § 297.9. In any event, for the Court to exercise supplemental jurisdiction of any state law claim, the Court must first establish that it has jurisdiction over a federal claim.

$75,000. Thus, the Court appears not to have diversity jurisdiction over any state law claims Plaintiff may be asserting.³

**D.    Leave to Amend**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Because Plaintiff may be able to allege additional facts to state a valid federal discrimination claim, the Court grants Plaintiff 60 days' leave to amend her complaint to detail her claims.

Plaintiff is granted leave to amend her complaint to provide more facts about her claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

  a)   the names and titles of all relevant people;

---

³      For example, plaintiff's complaint suggests she is attempting to assert a claim pursuant to the New York Whistleblower Act, which provides that an employer may not retaliate against an employee who "discloses, or threatens to disclose to a supervisor or to a public body an activity, policy or practice of the employer that the employee reasonably believes is in violation of law, rule or regulation or that the employee reasonably believes poses a substantial and specific danger to the public health or safety." N.Y. Lab. Law § 740(2).

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

Plaintiff may wish to contact the New York Legal Assistance Group ("NYLAG") for assistance. An informational flyer provided by NYLAG is attached to this order.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. **Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit by May 9, 2022, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-1225 (VB)**. An Amended Complaint for Employment Discrimination form is attached to this order. No summonses will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed.

The Court directs the Clerk of Court to change the spelling of Jawanio to Jawonio.

8

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this order to Plaintiff to the address on the docket.

SO ORDERED.

Dated: March 10, 2022
White Plains, New York

_____
VINCENT L. BRICCETTI
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.

-against-

_____

_____
Write the full name of each defendant. The names listed above must be identical to those contained in Section I.

22 CV 1225
(Include case number if one has been assigned)

Do you want a jury trial?
☐ Yes   ☐ No

### AMENDED
### EMPLOYMENT DISCRIMINATION COMPLAINT

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 3/24/17

I.   PARTIES

A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____
First Name                Middle Initial        Last Name

_____
Street Address

_____
County, City                          State                    Zip Code

_____
Telephone Number                    Email Address (if available)

B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:
_____
Name

_____
Address where defendant may be served

_____
County, City                          State                    Zip Code

Defendant 2:
_____
Name

_____
Address where defendant may be served

_____
County, City                          State                    Zip Code

Defendant 3:

_____
Name

_____
Address where defendant may be served

_____
County, City          State          Zip Code

## II. PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

_____
Name

_____
Address

_____
County, City          State          Zip Code

## III. CAUSE OF ACTION

### A. Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

- ☐ **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

    The defendant discriminated against me because of my (check only those that apply and explain):

    - ☐ race: _____
    - ☐ color: _____
    - ☐ religion: _____
    - ☐ sex: _____
    - ☐ national origin: _____

Page 3

- ☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

    My race is: _____

- ☐ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

    I was born in the year: _____

- ☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

    My disability or perceived disability is: _____

- ☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

    My disability or perceived disability is: _____

- ☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

**B. Other Claims**

In addition to my federal claims listed above, I assert claims under:

- ☐ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

- ☐ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

- ☐ Other (may include other relevant federal, state, city, or county law):

    _____

IV. STATEMENT OF CLAIM

A. Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

- ☐ did not hire me
- ☐ terminated my employment
- ☐ did not promote me
- ☐ did not accommodate my disability
- ☐ provided me with terms and conditions of employment different from those of similar employees
- ☐ retaliated against me
- ☐ harassed me or created a hostile work environment
- ☐ other (specify): _____

B. Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

_____
_____
_____
_____
_____
_____

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

## V. ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

- ☐ Yes (Please attach a copy of the charge to this complaint.)

    When did you file your charge? _____

- ☐ No

Have you received a Notice of Right to Sue from the EEOC?

- ☐ Yes (Please attach a copy of the Notice of Right to Sue.)

    What is the date on the Notice? _____

    When did you receive the Notice? _____

- ☐ No

## VI. RELIEF

The relief I want the court to order is (check only those that apply):

- ☐ direct the defendant to hire me
- ☐ direct the defendant to re-employ me
- ☐ direct the defendant to promote me
- ☐ direct the defendant to reasonably accommodate my religion
- ☐ direct the defendant to reasonably accommodate my disability
- ☐ direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

_____
_____
_____
_____

## VII. PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|
| First Name   Middle Initial | Last Name |
| Street Address | |
| County, City | State   Zip Code |
| Telephone Number | Email Address (if available) |

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

    If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.



United States District Court
Southern District of New York

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

500 PEARL STREET | NEW YORK, NY 10007
300 QUARROPAS STREET | WHITE PLAINS, NY 10601
PRO SE INTAKE UNIT: 212-805-0175

rev. 2/9/15

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

_____

Name (Last, First, MI)

_____

Address          City                State               Zip Code

_____

Telephone Number              E-mail Address

_____

Date                          Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007

# Notice For Pro Se Litigants

As a public health precaution, the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants has temporarily suspended all in-person client meetings as of Tuesday, March 17, 2020.

Limited scope legal assistance will continue to be provided, but only by appointment and only over the phone. During this time, we cannot assist walk-in visitors to the clinic.

If you need the assistance of the clinic, please call <u>212-659-6190</u> and leave a message, including your telephone number, and someone will get back to you as soon as possible. If you do not leave a message with your telephone number, we cannot call you back.

Please be patient because our responses to your messages may be delayed while we transition to phone appointments.





**NYLAG**
New York ▬▬ Legal Assistance Group