UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

DENISE M. VAZQUEZ,                              :
                          Plaintiff,            :
                                                :
v.                                              :       **ORDER OF DISMISSAL**
                                                :
TERRY PARKER, JAWONIO, STEVE                    :       22 CV 1225 (VB)
PELGRAM, CAROL ST. JOHN, GERTHY                 :
RITTER, KAREN GENUA, and RANDI ROOS            :
CASTRO,                                         :
                          Defendants.           :

------------------------------------------------------------x

Briccetti, J.:

  Plaintiff, proceeding pro se and in forma pauperis, brings this action against Terry Parker,

Jawonio, Steve Pelgram, Carol St. John, Gerthy Ritter, Stacie Davenport, Karen Genua, and

Randi Roos Castro, alleging employment discrimination and retaliation.

  For the reasons below, the Court sua sponte dismisses plaintiff's amended complaint for

lack of subject-matter jurisdiction.

## BACKGROUND

  Plaintiff alleges she was employed by Jawonio, a social services organization in

Rockland County, New York. (Doc. #8 ("Am. Compl.") at ECF 4).[1]  Jawonio operates, among

other things, a residential care facility for people with disabilities.

  Plaintiff alleges that, on June 9, 2021, she made a report to the Justice Center (a New

York State agency) about unsafe conditions at Jawonio for residents; specifically, that staff were

not appropriately changing diapers for residents. (Doc. #8-3, at ECF 4)  Plaintiff also alleges

she emailed her managers about this issue on June 10, 2021. (Id.).

---

[1]    "ECF __" refers to page numbers automatically assigned by the Court's Electronic Case
Filing system.

According to plaintiff, after she made complaints to the Justice Center and her supervisors, she was harassed by her co-workers and then fired on June 21, 2021, in retaliation for making complaints.  (Doc. #8-1, at ECF 2).

Plaintiff commenced this action on February 14, 2022.  (Doc. #1).  In an Order to Amend dated March 11, 2022, the Court identified jurisdictional deficiencies in plaintiff's original complaint, but granted plaintiff leave to file an amended complaint.  (Doc. #6).

Plaintiff filed her amended complaint on May 8, 2022.

## DISCUSSION

I.    Standard of Review

"[T]he party invoking federal jurisdiction bears the burden of proving facts to establish that jurisdiction." Linardos v. Fortuna, 157 F.3d 945, 947 (2d Cir. 1998).[2]  The Court must dismiss an action sua sponte if it determines it lacks subject-matter jurisdiction.  Fed. R. Civ. P. 12(h)(2); accord Joseph v. Leavitt, 465 F.3d 87, 89 (2d Cir. 2006) ("[W]e have an independent obligation to consider the presence or absence of subject matter jurisdiction sua sponte.").

The Court must also liberally construe submissions of pro se litigants and interpret them "to raise the strongest arguments that they suggest."  Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (collecting cases).  Applying the pleading rules permissively is particularly appropriate when, as here, a pro se plaintiff alleges civil rights violations.  Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008).  "Notwithstanding the liberal pleading standard afforded pro se litigants, federal courts are courts

---

[2]    Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking."

Clarkes v. L. Offs. of Michael G. Hughes, 2018 WL 5634932, at *2 (E.D.N.Y. Oct. 30, 2018).[3]

II.     Federal Question Jurisdiction

Plaintiff has not demonstrated this Court possesses federal question jurisdiction.

A.      Legal Standard

Federal courts possess original jurisdiction over civil actions "arising under" federal law.

28 U.S.C. § 1331.  An action "arises under federal law . . . if a well-pleaded complaint

establishes either that federal law creates the cause of action or that the plaintiff's right to relief

necessarily depends on resolution of a substantial question of federal law."  Empire Healthchoice

Assurance, Inc. v. McVeigh, 547 U.S. 677, 689–90 (2006).

Even if a plaintiff invokes federal-question jurisdiction, if that jurisdiction is premised on

an "immaterial" or "wholly insubstantial" federal claim, the case may be dismissed.  Spencer v.

Casavilla, 903 F.2d 171, 173 (2d Cir. 1990); see, e.g., Rosquist v. St. Marks Realty Assoc., LLC,

2008 WL 413784, at *2 (E.D.N.Y. Feb. 13, 2008) (sua sponte dismissing complaint for lack of

subject matter jurisdiction when plaintiff invoked federal statutes but did not allege any

cognizable claims pursuant to those statutes).

B.      Application

Plaintiff contends there is federal-question jurisdiction pursuant to Title I of the

Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 (Doc. #8-1, at ECF 3), but

she does not allege a cognizable ADA claim.

---

[3]     Plaintiff will be provided copies of all unpublished opinions cited in this decision.  See
Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

Title I of the ADA prohibits covered employers from "discriminat[ing] against a qualified individual on the basis of disability."  42 U.S.C. § 12112(a).  The ADA also prohibits "associational discrimination" in employment; that is, discrimination against an employee because "she was known at the time to have a relative or associate with a disability."  Graziadio v. Culinary Inst. of Am., 817 F.3d 415, 432 (2d Cir. 2016).

Here, plaintiff asserts she is covered by the ADA because she complained about how Jawonio's disabled residents were being treated.  (Doc. #8-1, at ECF 3).  Plaintiff does not allege she was discriminated against because she has a disability or because she has a "relative or associate" with a disability.  Thus, she has not alleged a cognizable ADA claim.  Cf. Ham v. ICL Bronx House Inst. for Cmty. Living, 2021 WL 2651945, at *2–3 (S.D.N.Y. June 28, 2021) (sua sponte dismissing ADA employment discrimination claims with leave to amend when pro se plaintiff did not allege she had a disability or adequately alleged an associational discrimination claim).[4]

Accordingly, plaintiff has not established federal-question jurisdiction.

III.     Diversity Jurisdiction

Plaintiff has also not demonstrated this Court possesses diversity jurisdiction.

---

[4]      Section 740 of the New York Labor Law prohibits employers from retaliating against an employee who "discloses, or threatens to disclose to a supervisor or to a public body an activity, policy or practice of the employer that is in violation of law, rule or regulation which violation creates and presents a substantial and specific danger to the public health or safety."  N.Y. Lab. Law § 740(2)(a).  For example, Section 740 potentially prohibits an employer from terminating an employee who files a complaint with the Justice Center about an employer's policies with respect to people with disabilities.  Lomonoco v. Saint Anne Inst., 2016 WL 4402029, at *6–7 (N.D.N.Y. Aug. 18, 2016).  However, the ADA "seek[s] to protect against wrongs completely separate from those sought to be protected by Section 740."  Cf. Barker v. Peconic Landing at Southhold, Inc., 885 F. Supp. 2d 564, 569 (E.D.N.Y. 2012).

A.     Legal Standard

Federal courts possess original jurisdiction over civil actions when the amount in controversy exceeds $75,000, exclusive of interest and costs, and "the suit is between 'citizens of different States.'"  St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply, 409 F.3d 73, 80 (2d Cir. 2005) (quoting 28 U.S.C. § 1332(a)(1)).  "[T]here must be complete diversity," and "[d]iversity is not complete if any plaintiff is a citizen of the same state as any defendant."  Id.

An individual's citizenship for the purpose of diversity jurisdiction "depends on his domicile."  Linardos v. Fortuna, 157 F.3d at 948.  An individual's domicile is "his true fixed home and principal establishment and, to which, whenever he is absent, he has the intention of returning."  Id.

A corporation's citizenship for the purpose of diversity jurisdiction is determined by its state of incorporation and principal place of business.  28 U.S.C. § 1332(c)(1).

B.     Application

Here, plaintiff has not alleged complete diversity of citizenship.

According to plaintiff's submissions, both she and Jawonio, the corporate defendant, are domiciled in New York.  Plaintiff's address appears to be in New York.  (Doc. #8-8, at ECF 2; accord Am. Compl. at ECF 3 (listing New York P.O. box)).  Jawonio's address is in New York. (Am. Compl. at ECF 4)  Moreover, the New York Department of State website says Jawonio, Inc., is incorporated in New York.  Corp. & Bus. Entity Database, N.Y. Dep't of State, https://apps.dos.ny.gov/publicInquiry/EntityDisplay (last visited May 17, 2022); see also J&J Sports Prods., Inc. v. La Parranda Mexicana Bar & Restaurante Co., 2018 WL 4378166, at *1 n.3 (E.D.N.Y. Apr. 9, 2018) ("The Court can and does take judicial notice of information from

the New York Secretary of State's website.").  Thus, the Court concludes plaintiff and Jawonio

are both domiciled in New York, and as a result there is not complete diversity of citizenship.

Accordingly, plaintiff has not established diversity jurisdiction.

IV.    Leave to Amend

The Court further concludes repleading will be futile.

Rule 15(a)(2) of the Federal Rules of Civil Procedure instructs that courts "should freely

give leave" to amend a complaint "when justice so requires."  However, leave to amend "may

properly be denied for . . . 'repeated failure to cure deficiencies by amendments previously

allowed, . . . [or] futility of amendment.'"  Ruotolo v. City of New York, 514 F.3d 184, 191 (2d

Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

Here, repleading would be futile because the problems with plaintiff's amended

complaint will not be cured by better pleading.  See Loreley Fin. (Jersey) No. 3 Ltd. v. Wells

Fargo Sec., LLC, 797 F.3d 160, 190 (2d Cir. 2015) (reaffirming that denying leave to amend is

proper on the grounds of "undue delay, bad faith, dilatory motive, and futility").  Plaintiff was

already given an opportunity to amend her pleading and her amended complaint did not cure the

jurisdictional deficiencies identified in the Court's Order to Amend.  Further delay would be

unwarranted and contrary to the interests of justice.  See Fed. R. Civ. P. 1.

**CONCLUSION**

The amended complaint is DISMISSED for lack of subject-matter jurisdiction.  The

dismissal is without prejudice to refiling in state court.  Katz v. Donna Karan Co., 872 F.3d 114,

121 (2d Cir. 2017).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order

would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose

of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk is instructed to close this case.

Chambers will mail a copy of this Order of Dismissal to plaintiff at the address on the

docket.

Dated: May 17, 2022
       White Plains, NY

                          SO ORDERED:

                          _____
                          Vincent L. Briccetti
                          United States District Judge